SEABOARD REALTY, Inc., v. DISTRICT OF COLUMBIA.

DISTRICT OF COLUMBIA v. SEABOARD REALTY, Inc.

Nos. 11077, 11212.

United States Court of Appeals District of Columbia Circuit.

Argued April 8, 1952.

Decided May 22, 1952.

Frederick Stohlman, Washington, D. C., with whom George H. Beuchert, Jr., Washington, D. C., was on the brief, for Seaboard Realty, Inc.

Harry L. Walker, Asst. Corporation Counsel for the District of Columbia, Washington, D. C., with whom Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Asst. Corporation Counsel, Washington, D. C., were on the brief, for the District of Columbia.

Before PRETTYMAN, PROCTOR and FAHY, Circuit Judges.

PRETTYMAN, Circuit Judge.

This case, a controversy concerning a District of Columbia corporate income tax, is here for the second time. Our prior opinion is reported at 87 U.S.App.D.C. 258, 184 F.2d 269.

The question is whether certain amounts paid out by Seaboard Realty, Inc., in 1943 were interest and therefore deductible in the computation of the corporate net income. The facts are stated at length in our prior opinion. We there pointed out that the obligations upon which these payments were made were in form and for all corporate purposes debenture bonds. But we held that, since they resulted from a corporate transaction in which equity capital was transformed into debt obligations, the change could not be effective for income tax purposes unless the transaction had been treated as a taxable one. In short we held that a corporation could not translate its equity capital, upon which it paid non-deductible dividends, into debt capital, upon which it would pay deductible interest, unless the stockholders owning the capital paid a tax on the principal in the course of the changeover. We pointed out that that question was one of primary concern to the federal authorities, and we remanded the case to the Board of Tax Appeals to ascertain what had been the federal treatment of the transaction from the standpoint of the individual shareholders.

Upon the remand it was established that the federal authorities had treated the transaction as a taxable one and that the shareholders were paying income tax on the receipt of the bonds as upon dividend income. The amount taxed was, by federal statute, the market value of the bonds when issued. That market value was 40 per cent of the face amount.

The Board of Tax Appeals held that 40 per cent of the payments made on the bonds as interest was interest and that 60 per cent of those amounts was not interest. Both parties petitioned for review.

We think the Board was in error in dividing the payments made upon the bonds into interest and non-interest. If the instruments were bonds, the periodical amounts contracted to be paid thereon were interest. The market values of the bonds have no bearing upon the nature of those payments.

We recognize that a complexity seems to appear in the dollar difference between the corporate declaration upon the distribution of the bonds and the taxable receipt thereof by the stockholder. But such differences between dollar amounts in corporate accounts and in stockholders' accounts are not infrequent. For example, suppose a corporation issues bonds of $1,000,000 face; it sells them through an underwriter two points off; the market is not receptive and the bondholders buy at 95. Three different figures would appear in the transac-

tion; the corporation would have cash received of $980,000; it would have a debt obligation of $1,000,000; the accounts of the bondholders would show a total cost of $950,000. Some subsequent bondholder might buy a bond at 75. But, whatever all these figures might be, the full amount of the periodical payments contracted to be made by the corporation for the debt capital is interest. Such differences in figures have no effect upon the essential nature of the transaction.

So in the case at bar the taxpayer at whose accounts we are looking is the corporation. The corporation went through a transaction in which it transformed equity capital into debt capital, and in the process the principal of that capital was subjected to income taxation in the hands of the stockholders. That taxation wiped out the only obstacle in the way of the complete right of the corporation and its stock-bond holders to make a completely effective change. That the income tax provision aplicable to the stockholders gauged the amount of the tax by the market of the bonds, instead of by their face, does not mitigate the effectiveness of the change from equity to debt.

We do not mean to suggest that determinations of taxes by the District of Columbia must await federal determinations. But where, as here, the character of a given item depends upon a transaction which is involved in federal but not in District tax determinations, a reasonable regard for consistency and reasonable avoidance of utter confusion require that the District authorities act in accord with the basic federal determination, unless good reason to the contrary appears. And Congress has written a provision for such consistency in the statute from which we quoted in our prior opinion.[1] We are dealing with the case before us, not generalizing.

It follows that the annual payments made by the corporation in 1943 were interest. The decision of the Board of Tax Appeals is therefore reversed and the cases remanded with instructions to grant the

refund resulting from the deduction from gross income of the full amount of the interest paid.

Reversed and remanded.